UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE PRICE, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST FINANCIAL SECURITY, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: 2:24-cv-10985-MCS-RAO<br><br>**ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 45)** |

Plaintiff Yvette Price filed a motion for preliminary approval of a class action settlement. (Mot., ECF No. 45.) Defendant First Financial Security, Inc., did not file a brief in response to the motion. C.D. Cal. Rs. 7-9, 7-12. The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. BACKGROUND

According to Plaintiff's operative pleading, Defendant is a national insurance agency offering financial security products that, in the course of its regular business,

solicits and requires customers to submit sensitive personal information. (FAC ¶ 2, ECF No. 18.) On October 17, 2023, Defendant was subject to a data breach in which hackers gained access to the personal information of Defendant's customers, including their Social Security numbers and birth dates. (*Id.* ¶¶ 3–6.) Plaintiff is a life insurance customer of Defendant whose personal information was exposed during the data breach. (*Id.* ¶ 14.) She brings various class claims for violation of the California Insurance Information and Privacy Protection Act, unfair competition, violation of the California Consumer Privacy Act, negligence, breach of contract, breach of implied contract, breach of the implied covenant of good faith and fair dealing, and invasion of privacy. (*Id.* ¶¶ 104–224.)

The parties reached a classwide settlement that would provide class members a gross fund of $1,200,000.00. (Settlement Agreement § I.1.25, ECF No. 45-3.) Plaintiff asks this Court to (1) grant preliminary approval of the Settlement Agreement; (2) authorize retention of Simpluris as Administrator;[1] (3) approve the form and matter of notice of the settlement to the Settlement Classes; and (4) set a schedule for final approval. (Not. of Mot. 1, ECF No. 45.)

## II. SETTLEMENT CLASS CERTIFICATION

Plaintiff seeks certification of two Settlement Classes: a Nationwide Class consisting of all individuals whose Private Information was compromised in the data breach announced by First Financial Security, Inc., that occurred on or around October 17, 2023, and a California Class consisting of all individuals residing in the State of California whose Private Information was compromised in the same data breach. (Settlement Agreement §§ I.1.6, I.1.11, I.1.27.)

///

---

[1] The Court adopts the definitions from the Settlement Agreement.

**A. Legal Standard**

At the preliminary approval stage, the Court "must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

The Court first considers whether a settlement class may be certified. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621 (1997) ("[T]he 'class action' to which Rule 23(e) refers is one qualified for certification under Rule 23(a) and (b)."). A plaintiff must demonstrate that the four requirements of Rule 23(a) are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. The plaintiff also must show the class meets one of the three alternative provisions in Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Where, as here, the plaintiff seeks certification under Rule 23(b)(3), the plaintiff must show "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The criteria for class certification are applied differently in litigation classes and settlement classes," *Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*, 926 F.3d 539, 556 (9th Cir. 2019), and the Court must apply "undiluted, even heightened, attention" to the specifications of Rule 23 when considering whether to certify a settlement class, *Amchem*, 521 U.S. at 620.

**B. Discussion**

1. <u>Numerosity</u>

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." "[I]mpracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (internal quotation marks omitted). Here, Plaintiff represents that there are approximately 100,000 members of

the Settlement Classes. (Mot. 19–20; *see also* Martinez Decl. ¶ 47, ECF No. 45-2.) Joinder of all the Settlement Classes' members would be impracticable, so this requirement is satisfied. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) ("The Ninth Circuit has not offered a precise numerical standard; other District Courts have, however, enacted presumptions that the numerosity requirement is satisfied by a showing of 25–30 members.").

2. Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class." Courts construe this requirement permissively. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). Even a single common question of law or fact will do. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Here, the Settlement Classes' members share a number of common questions of law and fact, including whether Defendant owed and breached a duty to the Settlement Classes' members, and whether the Settlement Classes' members suffered harm as a result. (Mot. 20–21.) The claims here present common legal issues based on a common core of salient facts. This requirement is met.

3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Sayce v. Forescout Techs. Inc.*, 754 F. Supp. 3d 878, 902 (N.D. Cal. 2024) (internal quotation marks omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (internal quotation marks omitted). Here, both Plaintiff and the Settlement Classes' members raise the same legal

theory that Defendant owed them a duty to secure their data and that they suffered harm as a result of Defendant's breach. (Mot. 21–22.) This requirement is met.

4. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis*, 657 F.3d at 985 (internal quotation marks omitted). Here, Plaintiff has no apparent conflict of interest with other members of the Settlement Classes, and the Court concludes that she has vigorously prosecuted, and will likely continue to vigorously prosecute, this case on behalf of the class. (*See* Price Decl. ¶¶ 4–9, ECF No. 45-1.) Similarly, there is no evidence of Class Counsel's conflict of interest, and as attested in her declaration, Class Counsel has litigated this case vigorously and will likely continue to do so. (*See* Martinez Decl. ¶¶ 55–66.) The Court finds that Plaintiff and Class Counsel will fairly and adequately represent the classes' interests.

5. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The inquiry "focuses on whether the common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Espinosa*, 926 F.3d at 557 (internal quotation marks omitted). For certification of a settlement-only class, "'a district court need not inquire whether the case, if tried, would present intractable management problems'"; *id.* at 557 (quoting *Amchem*, 521 U.S. at 620), instead, "[t]he focus is 'on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class

representatives,'" *id.* at 558 (quoting *Amchem*, 521 U.S. at 621). Here, the Court concurs with Plaintiff that common issues "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The relevant claims all involve the adequacy of Defendant's data security and Defendant's knowledge and actions concerning the data of the Settlement Classes' members. (Mot. 23–24.) The predominance element is met.

6. Superiority

The superiority inquiry requires the Court to "determine whether the objectives of the particular class action procedure will be achieved in the particular case." *Sayce*, 754 F. Supp. 3d at 900 (internal quotation marks omitted). The parties agree that settlement is superior because it would not be economical or efficient to pursue individual Settlement Classes' members' claims. (Mot. 24–25); *see Andrews Farms v. Calcot, Ltd.*, 258 F.R.D. 640, 656 (E.D. Cal. 2009) ("Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs. In most cases, litigation costs would dwarf potential recovery." (internal quotation marks omitted)). The class action procedure is superior.

**C. Conclusion**

The Court determines that the classes satisfy the requirements of Rule 23(a) and Rule 23(b)(3), and conditionally certifies the proposed classes for settlement purposes.

## III. FAIRNESS OF PROPOSED SETTLEMENT

### A. Legal Standard

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." "[S]trong judicial policy . . . favors settlements, particularly where

complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *Pilkington v. Cardinal Health, Inc. (In re Syncor ERISA Litig.)*, 516 F.3d 1095, 1100 (9th Cir. 2008). Review of the settlement is "extremely limited," *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (internal quotation marks omitted), and courts should examine "the settlement taken as a whole, rather than the individual component parts, . . . for overall fairness." *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d. 930, 935 (N.D. Cal. 2016).

At the preliminary approval stage, courts in this circuit consider whether the settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (internal quotation marks omitted). Further, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).

**B. Discussion**

1. <u>Serious, Informed, Non-Collusive Negotiations</u>

Plaintiff and counsel invested significant time and resources in investigating and litigating the case on behalf of Plaintiff and the classes. (Martinez Decl. ¶¶ 6–10, 26–29; Price Decl. ¶¶ 4–9.) The parties agreed to settle after a day-long mediation session with a neutral mediator, retired Judge Evelio M. Grillo, followed by "continuing negotiations for months thereafter" that "were always adversarial and at arm's length." (Martinez Decl. ¶ 29.) Based on these facts, the Court finds that "the procedure for reaching this settlement was fair and reasonable and that the settlement was the product of arms-length negotiations." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078,

1080 (N.D. Cal. 2007).

The proposed settlement also releases Defendant from any and all class claims that arise out of this action. (Settlement Agreement § V.) A release of claims is not collusive only when the released claim is "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008)). The proposed settlement specifically releases only those claims that are "based on, relating to, concerning or arising out of" the "alleged exposure of Defendant customer information, including names, Social Security numbers, addresses, dates of birth, medical information, and phone numbers" on October 17, 2023, and the "alleged theft of Private Information, or other personal information or the allegations, facts, or circumstances described in" this action, unless a class member opts out of the settlement. (Settlement Agreement §§ I.1.17, I.1.40, V.) This is consistent with the scope of the pleaded claims. (*See generally* FAC ¶¶ 104–224.) Therefore, the Court does not find this release collusive.

2. No Obvious Deficiencies and No Preferential Treatment

The proposed settlement has no obvious deficiencies and does not give preferential treatment to certain class members over others. While the Court reserves ruling on the appropriateness of Class Counsel's fees until briefing is filed, because "there is a strong presumption that the lodestar represents a reasonable fee," *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992), for the purposes of preliminary approval the Court finds no issue with the requested attorney's fees award of $300,000.00, accounting for 25% of the Gross Settlement Fund,[2] (*see* Mot. 14–15); *see*

---

[2] The Settlement Agreement "states Plaintiff would request Attorneys' Fees of no more than 33%." (Mot. 15 n.6; *see also* Settlement Agreement § IX.1 (providing that "Class Counsel will seek up to 33% of the Gross Settlement Amount for attorneys' fees, currently estimated at $396,000.00").) Plaintiff indicates in her motion that "Class

*also Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . .").

3. Range of Possible Approval

To determine whether a settlement falls within the range of possible approval, courts focus on "substantive fairness and adequacy," including "plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080. "[A] proposed settlement may be acceptable even though it amounts only to a fraction of the potential recovery that might be available to class members at trial." *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 171 (N.D. Cal. 2019) (internal quotation marks omitted).

The settlement provides a certain financial award upon the Settlement Classes' members and aids the parties in avoiding what might otherwise have been expensive, extended litigation with an uncertain outcome. This Court has previously approved settlement in similar contexts, and finds that the settlement here falls within the range of possible approval. *See Patrick v. Volkswagen Grp. of Am.*, No. 8:19-cv-01908-MCS-ADS, 2021 U.S. Dist. LEXIS 154820, at *10 (C.D. Cal. Mar. 10, 2021) (Scarsi, J.).

4. Adequate Notice

For a Rule 23(b)(3) class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The yardstick against which we measure the sufficiency of notices in class action proceedings is one of reasonableness." *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1117

---

Counsel intends to seek an award of attorneys' fees of no more than 25% of the Gross Settlement Amount." (Mot. 14.)

(9th Cir. 2018) (quoting *In re Bank of Am. Corp.*, 772 F.3d 125, 132 (2d Cir. 2014)). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotation marks omitted). Notice "does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012).

Here, the Court finds that the parties' Notice Plan, (*see* Mot. 25; Settlement Agreement § VI), including the appointment of Simpluris as the Administrator, (*see* Mot. 7; Settlement Agreement § I.1.3), conforms with the requirements of Rule 23(c)(2)(B), constitutes the best practicable notice to the Settlement Classes' members, and comports with the requirements of due process.

### C. Conclusion

The Court concludes that the proposed settlement as a whole appears fair and reasonable. Satisfied that conditional certification of the Settlement Classes is proper and that the settlement is fair, the Court preliminarily approves of the settlement.

## IV. CONCLUSION

Based on the foregoing, the Court grants Plaintiff's motion and orders the following:

- The Court conditionally approves the class action settlement as outlined in the Settlement Agreement.
- The Court conditionally certifies the Settlement Classes for settlement purposes only. The National Settlement Class shall consist of all individuals whose private information was compromised in the data breach announced by First Financial Security, Inc., that occurred on or

around October 17, 2023. The California Settlement Class shall consist of all individuals residing in the State of California whose private information was compromised in the data breach announced by First Financial Security, Inc., that occurred on or around October 17, 2023.

- The Court approves the proposed Notice Plan as to form and content. The Court appoints Simpluris as the Administrator and orders Simpluris to provide notice of the settlement to the Settlement Classes' members as provided by the Settlement Agreement.
- The Court sets the following schedule for final approval of the proposed settlement:
  - Deadline to Object or Opt Out of the Settlement: September 18, 2026
  - Deadline for Class Members to File a Claim: July 20, 2026
  - Deadline to File Motions for Final Approval, for Attorney's Fees and Costs, and for Service Award to Plaintiff: October 5, 2026
  - Final Approval Hearing: November 9, 2026, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: April 28, 2026

Mark C. Scarsi

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE